IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **MARTHA J. FORD,** § | |
| § | |
| **PLAINTIFF,** § | |
| § | |
| v. § | Case No. 6:18-cv-299 |
| § | |
| **THE BANK OF NEW YORK** § | |
| **MELLON AS TRUSTEE FOR** § | |
| **CWABS, INC. ASSET-BACKED** § | |
| **CERTIFICATES, SERIES 2007-2,** § | |
| § | |
| **DEFENDANT.** § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2007-2 ("Defendant") hereby removes this action from the 169th District Court of Bell County, Texas to the United States District Court for the Western District of Texas, Waco Division, stating the following as grounds for removal of this action:

## THE STATE COURT ACTION

1. On February 12, 2018, Defendant filed an original petition in state court under Texas Rule of Civil Procedure 736 seeking an order to proceed with expedited foreclosure on real property located at 141 Mighty Oak Lane, Killeen, Texas 76542 (the "Property") in an action styled *In re: Order of Foreclosure Concerning 141 Mighty Oak Ln., Killeen, TX 76542-5681*, Cause No. 298331 in the 146th District Court of Bell County, Texas (the "Original State Court Action"). The court in the Original State Court Action granted Defendant the requested relief on April 2018.

2. Subsequently, in an effort to stop enforcement of the foreclosure order, Plaintiff initiated a separate suit (the "Second State Court Action") by filing an Original Petition Brought Under TRCP Rule 735 and 736 (the "Petition") against Defendant in the 169th District Court of Bell County, Texas on July 12, 2018.

3. In the Petition, without providing any factual allegations, Plaintiff generally challenges the "validity of the origination, servicing, and/or enforcement of the loan agreement, contract, and/or lien sought to be foreclosed upon for the [Property.]"  (Pet. at 1.)

4. As a result of the Second State Court Action, the court vacated the relief granted in the Original State Court Action.

## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, because the Second State Court Action is pending within this district and division.  See 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders filed in the Second State Court Action.  (See **Exhibit A**.)

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a copy of this Notice of Removal in the 169th Judicial District Court of Bell County, Texas.

## DIVERSITY JURISDICTION

8. This Court has original jurisdiction over this case under 28 U.S.C. § 1332, because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

A. **The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirement.**

9. When a plaintiff seeks a declaratory judgment or injunctive relief, as in this case, "the amount in controversy is measured by the value of the object of the litigation."  *Demayo v.*

*PNC Bank*, No. A-14-CA-381-SS, 2014 WL 12580439, at *1 (W.D. Tex. June 18, 2014) (quoting *Farkas v. GMC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013)).  The Fifth Circuit has held that, if the purpose of the injunctive and declaratory relief is to stop the foreclosure sale of a property, the property is the object of the litigation and the "the value of the property controls the amount in controversy." *Id.* (quoting *Nationstar Morg., LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009)).

10.     Plaintiff's Petition directly challenges Defendant's right to foreclose on the Property.  (Pet. at 1.)  As such, the amount in controversy is determined by looking to the fair market value of the Property, which, according to the Bell County Appraisal District, is $192,147.[1]  Therefore, Plaintiff has put an amount in controversy that significantly exceeds $75,000.

**B.     This is a Civil Action Between Citizens of Different States.**

11.     Plaintiff is a citizen of the State of Texas who resides at 141 Mighty Oak Lane, Killeen, Texas 76542.  (Pet. at 1.)

12.     Defendant is the trustee of a trust.  When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls.  *See Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *see also Mfrs. and Traders Trust Co. v. HSBC Bank USA*, N.A., 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008).  Defendant is a national banking association pursuant to federal law.  As a national banking association, Defendant's citizenship is determined solely by the location of its main office, as designated in its articles of association.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348.  Under its articles

---

[1] A true and correct copy of the Bell County Appraisal District report is attached hereto as **Exhibit B**.  The Court may take judicial notice of public records.  *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) ("Federal Rule of Evidence 201(b)(2) provides that courts 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

of association, Defendant's main office is located in New York. Therefore, Defendant is a citizen of New York for diversity purposes. *See* 28 U.S.C. § 1348; *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017) (finding that Defendant is a citizen of New York for diversity purposes).

13. By virtue of this Notice of Removal, Defendant does not waive its right to assert any claims or other motions, including Rule 12 motions, that are permitted by the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Defendant removes this action from the 169th Judicial District Court of Bell County, Texas to the United States District Court for the Western District of Texas, Waco Division so that this Court may assume jurisdiction over this cause as provided by law.

Date: October 8, 2018

Respectfully submitted,

By: */s Grant C. Johnson*
**Kimberly Gdula**
State Bar No. 24052209
kgdula@jw.com
**JACKSON WALKER LLP**
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - Fax

- AND -

**Grant C. Johnson**
State Bar No. 24083258
gjohnson@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

This is to certify that on October 8, 2018, a true and correct copy of the foregoing pleading was served in accordance with the Federal Rules of Civil Procedure on the following:

Martha J. Ford
141 Mighty Oak Lane
Killeen, Texas 76542
*Pro Se Plaintiff*

/s Grant C. Johnson
Grant C. Johnson