IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MARTHA FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:18-CV-00299-JCM |
| | § | |
| BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2007-2, | § § § § § | |
| | § | |
| Defendant. | § | |

## ORDER

Came before the Court to be considered Plaintiff's Motion to Set Aside the Mediated Settlement Agreement (ECF No. 79), Plaintiff's Counsel's Motion to Withdraw as Attorney (ECF No. 80), and Plaintiff's Counsel's Oral Motion to Withdraw as Attorney made at the October 31, 2023, hearing in this cause. For the following reasons, these Motions are **DENIED.**

### I.   BACKGROUND

This is a case about a litigant who got cold feet after entering into a mediated settlement agreement and desires a chance to renegotiate. The Court has held two hearings on this matter. The first was a status conference held on October 31, 2023. The second was a hearing on all motions currently pending which the Court held on December 11, 2023.

At the first hearing, the Court heard testimony that Ms. Ford was displeased with the settlement agreement and felt that her attorney, Dan MacLemore, and the mediator, Judge Robert Stem, had unintentionally pressured or coerced her into entering a settlement agreement that she did not agree with after having additional time to review it. Based on these allegations, Mr. MacLemore orally moved to withdraw as Ms. Ford's attorney. The Court gave the parties

1

additional time to discuss a potential resolution of the relevant disputes. After those discussions proved fruitless, the Court directed Plaintiff to file a written motion to withdraw or motion to set aside the settlement agreement by November 15, 2023.

Plaintiff filed her Motion to Set Aside the Settlement Agreement on November 15, 2023. Plaintiff then filed a Renewed Motion to Withdraw on November 20, 2023. ECF No. 80. Defendant responded to the Motion to Set Aside on November 22, 2023. ECF No. 81. The Court set the motions for a hearing on December 11, 2023. At the hearing, the Court heard testimony from Judge Robert Stem, Plaintiff, and Letawna St. George (Plaintiff's mother who attended the mediation). Judge Stem and Plaintiff are the key witnesses in resolving this dispute.

Judge Stem testified that he is a retired Texas District Judge who serves as a visiting judge in central Texas and as a mediator in several central Texas counties including McLennan County. The Court finds all of Judge Stem's testimony credible. Judge Stem also testified that he mediated this case on July 14, 2023, resulting in the mediated settlement agreement ("MSA") in dispute. Judge Stem testified that Mr. MacLemore, Plaintiff, and Ms. St. George attended the mediation in one room and Defendant's lawyer and representative attended in a different room. He specifically noted that nothing about this mediation was meaningfully different from typical mediations.

When the Court asked about Judge Stem's mediation procedures, Judge Stem testified that he makes sure the parties have sufficient time to confer with their attorneys to understand the terms of a MSA, he discusses the terms of the MSA, gives additional time for the parties to ask their attorneys and Judge Stem questions about terms, and advises the parties at the beginning of the mediation that any MSA entered is binding and not subject to revocation. Judge Stem also testified that he had no concerns that Plaintiff did not understand the agreement, that he had no

competency concerns about Plaintiff, and that he was satisfied that Plaintiff understood and agreed to the terms of the MSA.

The Court then heard testimony from Plaintiff. Plaintiff testified that the MSA was entered under undue stress and pressure which started the moment she arrived at the mediation. She testified that Judge Stem introduced his wife to Plaintiff. Judge Stem's wife then left to shop while Judge Stem mediated this case. Plaintiff testified that during the mediation she was very concerned about Judge Stem's wife because of the record setting summer heat and that this caused her to experience severe stress and pressure. Plaintiff also testified that Mr. MacLemore knew Plaintiff could not think straight under severe stress and pressure.

Nonetheless, Plaintiff testified that no one intentionally threatened or coerced her into entering the MSA. She also testified that no one made any promises to her outside of the MSA. Plaintiff testified that she was told that this was the best deal she was going to get. Plaintiff clarified that items two and six of the MSA confused her because she thought that she had three days to revoke any agreement reached. Finally, and most importantly, Plaintiff reiterated that neither Judge Stem nor Mr. MacLemore intentionally coerced or pressured her into entering the agreement.

## II.   DISCUSSION

Plaintiff requests this Court to set aside the MSA on the grounds that (1) she felt pressured by Mr. MacLemore and Judge Stem to enter into the agreement which she believes was a bad deal, (2) she believed she had three days to withdraw from the settlement agreement, and (3) she did not understand the settlement agreement and it was not adequately explained to her. Pl.'s Mot. Set Aside at 2–4. Defendant argues that none of these arguments provides a legal basis for the Court to set aside the MSA.

**A. Plaintiff has failed to establish the affirmative defense of duress.**

Plaintiff argues that the MSA should be set aside because she entered it under pressure, duress, and coercion. Pl.'s Motion to Set Aside at 1–2. Defendant argues that Plaintiff has failed to establish legal duress or coercion sufficient to set aside the MSA. Def.'s Resp. at 9.

Courts have limited discretion to set aside mediated settlement agreements. *Bell v. Schexnayder*, 26 F.3d 447, 449 (5th Cir. 1994). In Texas, duress is an affirmative defense that must be proved by the party seeking to avoid the contract. *F.D.I.C. v. White*, 76 F. Supp. 2d 736, 739 (N.D. Tex. 1999) (citations omitted). To prove the affirmative defense of duress or undue influence, a plaintiff must prove that (1) there is a threat to do some act which the party threatening has no legal right to do, (2) there must be some illegal exaction or some fraud or deception, and (3) the restraint must be imminent and such as to destroy free agency without present means of protection. *Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980) citing *Tower Contracting Co., Inc., of Tex. v. Bruden Bros., Inc.*, 482 S.W.2d 330, 335 (Tex. Civ. App. Dallas 1972, writ ref. n. r. e.). The plaintiff must also demonstrate that the "'persuasion, entreaty, importunity, argument, intercession, and solicitation' were so strong as to 'subvert and overthrow the will of the person to whom they are directed.'" *Id.* citing *DeGrassi v. DeGrassi*, 533 S.W.2d 81, 85 (Tex. Civ. App. Amarillo 1976, writ ref. n.r.e.). Finally, "emotional strain and negotiation pressures are not by themselves enough to overcome the will of the party to a contract." *Id.* Especially where there is no evidence that the emotional strain and negotiation pressures "resulted from threats, illegal exaction, fraud or deception." *Id.*

Here, Plaintiff has undoubtedly produced evidence showing that she suffered from emotional strain and negotiation pressures which affected her greatly. But Plaintiff was abundantly clear that neither Judge Stem nor Mr. MacLemore made any threats or intentionally

4

coerced or pressured her. The only evidence Plaintiff produced that could be construed as a threat was being told that the MSA was the best deal Plaintiff was going to get. But statements such as those, unsupported by any allegation or evidence that it was intended as a threat or intentional coercion, cannot establish duress and coercion by themselves. The Court also notes that Plaintiff signed the MSA which expressly states that, "Each party to this agreement has entered into this settlement agreement freely and voluntarily, and without any duress. . . . [E]ach party has fully read and understand [sic] the attached agreement." ECF No. 81-2 at 2. Accordingly, Plaintiff has failed to carry her burden of establishing the affirmative defense of coercion or duress.

The Court also notes that even if Plaintiff's testimony were enough to prove undue influence and duress by Judge Stem or Mr. MacLemore, the settlement agreement would still be enforceable. To set aside a contract based on duress, "the duress must come from the other party to the contract," "not the claimant's attorney." *Kosowska v. Khan*, 929 S.W.2d 505, 508 (Tex. App.—San Antonio 1996, writ denied). Here, Mr. McKleroy, counsel of record for Defendant, testified by declaration that, "[He] never saw [Plaintiff] or her mother during the mediation. At no time during the mediation did [he] or anyone acting on [Defendant's] behalf see, speak to or communicate in any way with Ms. Ford and/or her mother." McKleroy Decl. (ECF No. 81-1) at ⁋ 3. The only potential wrongdoing Plaintiff identified on Defendant's part was a conclusory allegation that Defendant retained new counsel as part of the bait-and-switch tactics Defendant has allegedly employed throughout litigation. Even if that is true, it does not amount to duress or coercion. Accordingly, Plaintiff has failed to establish the affirmative defense of duress or coercion.

### B. Plaintiff's mistake of law is not a legal basis for invalidating the MSA.

Plaintiff also argues that the Court should set aside the MSA because "it was her understanding that she, as a consumer had three days to withdraw from the settlement agreement" under § 601.052 of the Texas Business and Commerce Code. Pl.'s Mot. Set Aside at 2. She claims she did not know that the statute did not apply to mediated settlement agreements and that "had she known this was the case, she would not have executed the MSA." *Id.* Defendant argues that, even if this is true, the MSA cannot be set aside because of Plaintiff's mistake of the law. Def.'s Resp. at 6.

"Generally, a contract cannot be avoided for a mistake of law." *In re Bettis*, 97 B.R. 344, 348 (Bankr. W.D. Tex. 1989) citing *Ussery v. Hollebeke*, 391 S.W.2d 497 (Tex. Civ. App.—El Paso 1965, writ ref. n.r.e.). "All persons of sound mind are presumed to know the law." *Id.* citing *Roberts v. Lucas*, 388 S.W.2d 764 (Tex. Civ. App.—Tyler 1965). Accordingly, Plaintiff is presumed to know the law and the MSA cannot be avoided because of her mistake of it.

### C. Plaintiff's confusion expressed after entering the MSA is not a basis to avoid the MSA.

Plaintiff also argues that "she did not understand the MSA and that the MSA was not explained to her before she signed it." Pl.'s Mot. Set Aside at 2. The Court first notes that the testimony from the hearing establishes that Judge Stem and Mr. MacLemore explained the MSA to Plaintiff, Judge Stem provided Plaintiff with time to discuss the MSA's terms with Mr. MacLemore, Judge Stem gave Plaintiff the opportunity to ask him questions about the MSA, and that Judge Stem had no concerns that Plaintiff did not understand the MSA.

Absent "fraud, misrepresentation, or deceit, a party is bound by the terms of the contract he signed, regardless of whether he read it or thought it had different terms." *In re McKinney*,

167 S.W.3d 833, 835 (Tex. 2005) (citations omitted). As discussed above, Plaintiff maintains that no one intentionally coerced her or committed fraud. Plaintiff is, therefore, bound by the terms of the MSA even though she was confused about whether the agreement was revocable.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Set Aside the Mediated Settlement Agreement (ECF No. 79) is **DENIED**. The Court holds that the Mediated Settlement Agreement is enforceable. Since the Mediated Settlement Agreement expressly provides that, "The undersigned parties to this Mediated Settlement Agreement have agreed to fully compromise and settle all claims and controversies between the Parties," this Order constitutes a final judgment. *See GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001) (holding that decisions are final when they end the litigation on the merits and leave nothing for the court to do but execute the judgment).

Since the Court's Order denying Plaintiff's Motion to Set Aside the Mediated Settlement Agreement is a final judgment, Plaintiff's Renewed Motion to Withdraw is **DENIED** as moot. The Clerk of the Court is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**SIGNED this 19th day of December 2023.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**